UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZAKEE SHAKIR,

          Plaintiff,

v.

RICHARD ADAMS

          Defendant.

Case No. C18-1333-RSL-JPD

ORDER DENYING LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff, an inmate at the King County Jail in Kent, Washington, is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 action. The present matter comes before the Court on plaintiff's motion for leave to amend his complaint. 42 U.S.C. § 1983. Dkt. 4. Having considered the motion, defendant's objection, the governing law, and the balance of the record, the Court DENIES plaintiff's motion without prejudice.

Plaintiff moves for leave to amend his complaint in order to add the Federal Way Police Department as a defendant. Dkt. 14. Defendant argues plaintiff's motion should be denied because plaintiff failed to attach a copy of the proposed amended complaint as an exhibit to the motion as required by LCR 15. Dkt. 16 at 2. Defendant also argues plaintiff's amended complaint would be futile, because even if the City of Federal Way was added as a defendant,

ORDER
PAGE - 1

"his complaint would not allege any facts that are suggestive of illegal conduct on behalf of the City that could give rise to a cognizable 42 U.S.C. § 1983 claim." *Id.* at 3.

Pursuant to LCR 15, when requesting leave to amend a pleading, the party "must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation." Here, plaintiff has filed a motion for leave to amend his complaint but has failed to attach a copy of his proposed amended complaint. Dkt. 14. Thus, plaintiff has not properly moved for leave to amend his complaint, and the motion is therefore denied without prejudice. If plaintiff wishes to refile a motion for leave to amend his complaint in compliance with LCR 15, he must do so by no later than **February 27, 2019**.

Plaintiff is advised that if he elects to refile a motion for leave to amend his complaint, the Federal Way Police Department is not itself a proper defendant in a 42 U.S.C. § 1983 action. Rather, the City of Federal Way would be the proper municipal defendant. *See Nolan v. Snohomish Cty.*, 59 Wash. App. 876, 883, 802 P.2d 792 (1990). If plaintiff chooses to pursue claims against the City of Federal Way, plaintiff must allege facts showing the municipality's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, plaintiff's civil rights, or showing the municipality ratified the unlawful conduct. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991).

Plaintiff is further advised that an amended pleading operates as a *complete* substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, any amended complaint must clearly identify each defendant, the constitutional claim(s) asserted against each defendant, the specific facts which plaintiff believes support each federal constitutional claim, and the specific relief requested. If plaintiff chooses to refile a motion for

leave to amend his complaint, plaintiff should use the Court's civil rights complaint form for the proposed amended complaint. By using this form, plaintiff can identify the defendants in this action and his factual allegations against them. Plaintiff should be careful to complete each section of this form. Plaintiff may also attach additional pages to the form if he needs more space to state the facts of his case.

    The Clerk is directed to send copies of this Order to both parties and to the Honorable Robert S. Lasnik. The Clerk is further directed to send plaintiff the appropriate forms to submit a proposed amended complaint.

    DATED this 28th day of January, 2019.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

ORDER
PAGE - 3