UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZAKEE SHAKIR,

               Plaintiff,

  v.

RICHARD ADAMS, *et al.*,

               Defendants.

Case No. C18-1333 RSL-MLP

ORDER GRANTING DEFENDANTS'
MOTION TO STAY DISCOVERY

Before the Court is Defendants' motion to stay discovery pending resolution of Defendants' motion for summary judgment. (Dkt. # 34.) For the reasons stated below, the Court finds that the motion should be GRANTED.

On September 20, 2018, Plaintiff filed his 42 U.S.C. § 1983 complaint. (Dkt. # 5.) On February 6, 2019, Plaintiff filed an amended complaint which added the City of Federal Way as a defendant. (Dkt. # 24.) Plaintiff alleges he has been illegally imprisoned since June 2017 based on false statements set forth in the certification for determination of probable cause. (*See* Dkt. ## 5 at 2, 24 at 3.) On March 4, 2019, Defendants filed their motion for summary judgment seeking dismissal of Plaintiff's claims on the grounds that Plaintiff has not put forth any evidence to support them, or, in the alternative, that his claims have not yet accrued and violate the *Younger* abstention doctrine. (Dkt. # 30.) On March 18, 2019, Plaintiff filed an opposition

to Defendants' summary judgment motion claiming the exhibits attached to his complaint (dkt. # 5-1) prove the merits of his claims. (Dkt. # 35.) Plaintiff also argues that his § 1983 claim would not cause this Court to interfere with his underlying state criminal matter because he is "handling that matter," and therefore *Younger* does not apply. (*Id*. at 6.)

On March 15, 2019, Defendants filed the instant motion to stay discovery pending ruling on Defendants' motion for summary judgment. (Dkt. # 34.) Plaintiff did not respond to Defendants' motion. The discovery deadline is currently set for April 8, 2019. (Dkt. # 12.) According to Defendants, Plaintiff has failed to respond to Defendant Adams' discovery requests which were propounded in January 2019, and has not propounded any discovery requests himself, taken depositions, or served initial disclosures. (Dkt. ## 31 at 1-2, 34 at 2.) In Plaintiff's opposition to the motion summary judgment, he asserts that because he is *pro se*, "it is only right for [him] to plea [sic] the 5th and not answer questions dealing with deposition or interrogatory." (Dkt. # 35 at 5.)

The court has broad discretionary powers to control discovery. *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988). Upon showing of good cause, the court may deny or limit discovery. Fed. R. Civ. P. 26(c). A court may relieve a party of the burdens of discovery while a dispositive motion is pending. *DiMartini v. Ferrin,* 889 F.2d 922 (9th Cir. 1989), amended at 906 F.2d 465 (9th Cir. 1990); *Rae v. Union Bank,* 725 F.2d 478 (9th Cir. 1984).

Summary judgment is generally disfavored where relevant evidence remains to be discovered. *Taylor v. Sentry Life Ins.,* 729 F.2d 652, 656 (9th Cir. 1984) (per curiam). The burden is on the nonmoving party, however, to show what material facts would be discovered that would preclude summary judgment. *Hall v. Hawaii,* 791 F.2d 759, 761 (9th Cir. 1986).

Here, Plaintiff asserts the exhibits that he already presented prove the merits of his claim. Further, it appears Plaintiff refuses to participate in the discovery process. As Plaintiff has not identified what relevant, material facts would be discovered before the Court rules on the pending motion for summary judgment, and in the interest of saving the parties resources, Defendants' motion to stay (dkt. # 34) is GRANTED, and discovery in this matter shall be STAYED pending further order of this Court.

Dated this 1st day of April, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge