UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZAKEE SHAKIR,

        Plaintiff,

v.

RICHARD ADAMS, *et al.*,

        Defendants.

Case No. C18-1333 RSL-MLP

ORDER DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS AND DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTIONS

## I.    INTRODUCTION

This is a 42 U.S.C. § 1983 prisoner civil rights action. On April 3, 2019, Plaintiff filed a "Motion to Oppose and Object to Reply in Support of Defendants' Motion for Summary Judgment Dismissal" and "Motion to Stay Object." (Dkt. # 42.) On April 12, 2019, Defendants filed a motion to strike Plaintiff's motions. (Dkt. # 43.) After considering Plaintiff's motions, Defendants' motion, and the balance of the record, the Court DENIES Plaintiff's motions and DENIES Defendants' motion.

## II. DISCUSSION

### A. "Motion to Oppose and Object in Reply in Support of Defendants' Motion for Summary Judgment Dismissal"

Plaintiff asks the Court to allow him to file an opposition and objection to Defendants' reply in support of their motion for summary judgment. (Dkt. # 42 at 1-2.) Defendants ask the Court to strike Plaintiff's motion, arguing it is an improper surreply. (Dkt. # 43 at 1.) Alternatively, Defendants respond that Plaintiff's criminal charges are still pending against him and provide a copy of the state court docket showing the charges still pending. (Dkt. ## 43 at 1, 44 at 9.) Defendants also reassert their argument that Plaintiff's claim is barred by *Younger* abstention. (Dkt. # 43 at 2.)

The parties have already filed a motion for summary judgment (dkt. # 30), opposition to summary judgment (dkt. # 35), and a reply in support of the motion for summary judgment (dkt. # 39), pursuant to LCR 7. Because Plaintiff has already had the opportunity to fully respond to the substance of Defendants' motion for summary judgment, the Court denies Plaintiff's motion to file a second opposition. (Dkt. # 42.) The Court declines to strike Plaintiff's motion, and therefore denies Defendants' motion. (Dkt. # 43.)

### B. "Motion to Stay Object"

In the caption of Plaintiff's "Motion to Oppose and Object to Reply in Support of Defendants' Motion for Summary Judgment Dismissal," he also included a "Motion to Stay Object." (Dkt. # 42.) In his motion, Plaintiff lists the exhibits he has previously submitted in this matter, and represents that his assault charges are being dismissed and he is pleading guilty to a firearm charge. (*Id.* at 1-2.) He also restates the allegations from his amended complaint, and asserts that the "[b]ottom line is, Adams was truly ineffective in the line of government profession and was not being loyal to being honest." (*Id.* at 2.) Plaintiff does not set forth an

ORDER DENYING PLAINTIFF'S
MISCELLANEOUS MOTIONS AND DENYING
DEFENDANTS' MOTION TO STRIKE
PLAINTIFF'S MOTIONS - 2

argument for why this case should be stayed. Defendants did not substantively address Plaintiff's motion to stay. (Dkt. # 43.)

"A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "The power to stay a case is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Halliwell v. A-T Sols.*, 2014 WL 4472724, at *7 (S.D. Cal. Sept. 10, 2014) (quoting *Landis*, 299 U.S. at 254).

To determine if a stay is appropriate, the Court should weigh the "competing interests which will be effected by the granting or refusal to grant a stay," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

It is unclear to the Court why, or if, Plaintiff is seeking a stay of this action. Because there is a pending motion for summary judgment that has been fully briefed by both parties, and Plaintiff has not identified any hardship or inequity he may suffer if required to go forward with this matter, the Court denies Plaintiff's motion to stay, to the extent he was requesting one.

### III.  CONCLUSION

The Court DENIES Plaintiff's "Motion to Oppose and Object to Reply in Support of Defendants' Motion for Summary Judgment Dismissal" and "Motion to Stay Object." (Dkt. # 42.) The Court also DENIES Defendants' motion to strike Plaintiff's motion. (Dkt. # 43.) The

1   Clerk is directed to send copies of this Order to the parties and to the Honorable Robert S.

2   Lasnik.

3        Dated this 12th day of April, 2019.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S
MISCELLANEOUS MOTIONS AND DENYING
DEFENDANTS' MOTION TO STRIKE
PLAINTIFF'S MOTIONS - 4