UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZAKEE SHAKIR,<br><br>      Plaintiff,<br><br> v.<br><br>RICHARD ADAMS, *et al.*,<br><br>      Defendants. | Case No. C18-1333 RSL-MLP<br><br>**REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff Zakee Shakir is a pretrial detainee at the King County Correctional Facility in Kent, Washington. (Dkt. # 24 at 2, 3.) Plaintiff's civil rights claim arises out of Plaintiff's arrest and subsequent charges of assault with a deadly weapon against two individuals. (*Id.* at 4.) Plaintiff alleges that Officer Adams omitted statements and facts from the Certification for Determination of Probable Cause ("Certification") relating to his arrest, which Plaintiff asserts caused him to be charged with assault and given a one-million-dollar bail. (*Id.*) Plaintiff identifies Officer Adams and the City of Federal Way as defendants. (*Id.* at 2.)

Defendants now move for summary judgment. (Dkt. # 30.) Plaintiff opposes Defendants' motion. (Dkt. # 35.) The Court, having reviewed the Defendants' motion, Plaintiff's response,

REPORT AND RECOMMENDATION - 1

Defendants' reply, and the balance of the record, recommends that the motion be granted, and that this action be dismissed with prejudice.

## II.   PROCEDURAL BACKROUND

Plaintiff filed his 42 U.S.C. § 1983 complaint on September 20, 2018. (Dkt. # 5.) He filed an amended complaint on February 6, 2019, which added the City of Federal Way as a defendant. (Dkt. # 24.) Defendants filed the instant motion for summary judgment on March 4, 2019. (Dkt. # 30.) On March 15, 2019, Defendants moved to stay discovery pending the ruling on their motion for summary judgment. (Dkt. # 34.) On April 1, 2019, this Court granted Defendants' motion to stay discovery (dkt. # 34), citing, *inter alia*, Plaintiff's refusal to participate in the discovery process. (Dkt. # 41 at 3.) Plaintiff filed his opposition to summary judgment on March 18, 2019. (Dkt. # 35.) Defendants filed their reply on March 29, 2019. (Dkt. # 39.)

## III.   BACKGROUND

On the night of June 15, 2017, Plaintiff observed two male car prowlers attempting to break into a vehicle. (Dkt. ## 5-1 at 1 (statement of probable cause), 24 at 3.)[1] Plaintiff began pursuing the two males and observed items fall out of their pockets. (*Id.*) Plaintiff stopped to pick up the fallen items, including a firearm, and continued his pursuit. (*Id.*) As he rounded a corner, he observed Tiffany James and Quintin Thurman standing on a corner. (*Id.*) Plaintiff pointed the

---

[1] Plaintiff attached as exhibits to his original complaint Exhibit A (statement of probable cause), Exhibit B (certification of determination of probable cause), and Exhibit C (prosecuting attorney case summary and request for bail and/or conditions of release). (Dkt. # 5-1.) Plaintiff did not attach any exhibits to his amended complaint. (Dkt. # 24.). Plaintiff included Exhibit B and C in his opposition to summary judgment. (Dkt. # 35.) Because Plaintiff claims in his original complaint that Exhibit A "is what took place" the night of his arrest, and his amended complaint references Exhibit A and asserts it supports his claims, the Court turns to both Plaintiff's amended complaint (dkt. # 24) and Exhibit A from his original complaint (dkt. #5-1 at 1) to lay out Plaintiff's alleged facts in the light most favorable to him as the nonmoving party.

REPORT AND RECOMMENDATION - 2

1 firearm at them, mistaking them for the car prowlers. (*Id.*) Ms. James and Mr. Thurman then

2 pointed Plaintiff in the direction that the car prowlers had fled. (Dkt. # 5-1 at 1.) Plaintiff caught

3 up to one car prowler and ordered him to the ground. (*Id.*) Both car prowlers ultimately got away

4 and Plaintiff retrieved items left behind by one of them. (*Id.*)

5 Federal Way Police Officer Richard Adams drafted the Certification regarding the events

6 that took place on June 15, 2017. (Dkt. # 35 at 9.) The Certification states Ms. James and Mr.

7 Thurman contacted the police to relay what happened, and purportedly stated that Plaintiff

8 pointed a firearm at them and they feared for their lives. (*Id.*) It also states Officer March

9 contacted and arrested Plaintiff, and includes a summary of Plaintiff's written statement that

10 Officer J. Gregson obtained from Plaintiff after he waived his rights. (*Id.*) Plaintiff alleges that

11 based on Officer Adams' Certification, he was charged with multiple criminal counts and given a

12 high bail of one-million dollars. (Dkt. # 24 at 3-4.)

### IV.    DISCUSSION

#### A.    Legal Standards for Summary Judgment and 42 U.S.C. § 1983

15 Summary judgment "shall be entered forthwith if the pleadings, depositions, answers to

16 interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

17 genuine issue as to any material fact and that the moving party is entitled to a judgment as a

18 matter of law." Fed. R. Civ. P. 56(c). An issue of fact is "genuine" if it constitutes evidence with

19 which "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

20 *Lobby, Inc.*, 477 U.S. 242, 248 (1986). That genuine issue of fact is "material" if it "might affect

21 the outcome of the suit under the governing law." *Id.*

22 When applying these standards, the Court must view the evidence and draw reasonable

23 inferences in the light most favorable to the non-moving party. *See United States v. Johnson*

1  *Controls, Inc.*, 457 F.3d 1009, 1013 (9th Cir. 2006). The moving party can carry its initial burden
2  by producing evidence that negates an essential element of the nonmoving party's claim, or by
3  establishing that the nonmoving party does not have enough evidence of an essential element to
4  satisfy its burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210
5  F.3d 1099, 1102 (9th Cir. 2000).

6  Once this has occurred, the procedural burden shifts to the party opposing summary
7  judgment, who must go beyond the pleadings and affirmatively establish a genuine issue on the
8  merits of the case. Fed. R. Civ. P. 56(e). The nonmovant must do more than simply deny the
9  veracity of everything offered by the moving party or show a mere "metaphysical doubt as to the
10 material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To
11 avoid summary judgment, the nonmoving party must, in the words of Rule 56, "set forth specific
12 facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The nonmoving
13 party's failure of proof concerning an essential element of its case necessarily "renders all other
14 facts immaterial," creating no genuine issue of fact and thereby entitling the moving party to
15 summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

16 In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must set forth the
17 specific factual bases upon which he claims each defendant is liable. *Aldabe v. Aldabe*, 606 F.2d
18 1089, 1092 (9th Cir. 1980). Specifically, a plaintiff must show (1) that he suffered a violation of
19 rights protected by the Constitution or created by federal statute, and (2) that the violation was
20 proximately caused by a person acting under color of state. *See Crumpton v. Gates*, 947 F.2d
21 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing
22 how individually named defendants caused or personally participated in causing the
23

constitutional or statutory violations alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

### B.     *Younger* Abstention

Plaintiff's claims are barred by the doctrine of the *Younger* abstention. The *Younger* abstention doctrine requires that a district court dismiss a federal action if state proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford a plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted). All of the *Younger* criteria are satisfied here. Plaintiff's proceedings are ongoing, involve a criminal prosecution that implicates important state interests, and there is nothing to indicate that Plaintiff cannot raise in his criminal case the same claim he raises here or that there is a danger of great and immediate irreparable harm. Therefore, this action would unduly interfere with the state criminal proceeding in a way *Younger* disapproves and it should be dismissed. However, as discussed below, Plaintiff's claim also fails due to a failure to present evidence to support the essential elements of his claim.

### C.     **Plaintiff Failed to Present Evidence to Support his Claim**

Plaintiff argues that on the night of this incident, he initially chased the male car prowlers before encountering Ms. James and Mr. Thurman, and Officer Adams' failure to include certain information from police reports in his Certification resulted in him being charged, incarcerated, and given a high bail. (Dkt. # 35 at 1.)

Plaintiff argues the following language from the statement of probable cause supports his claim:

> Zakee A Shakir 07/05/1977 observed two males attempting to break into a van with a thin metal piece. Shakir attempted to chase the males off. As the males ran away multiple items fell out of their pockets. Zakee saw a semi automatic [sic] pistol fall to the ground. He picked up the pistol and continued giving chase.

REPORT AND RECOMMENDATION - 5

> Zakee rounded a corner and saw two people (victims) standing on the corner of [redacted]. Zakee pointed the pistol at them thinking they were the suspects. He ordred the victims to the ground. The victims both said they feared for their lives. They felt that Zakee was going to shoot them. The victims pointed Zakee to the west where they saw the car prowl suspects running. Zakee caught up to one of the suspects. He ordered him to the ground. The car prowl suspects ultimately got away. Zakee retrieved a pair of shoes, the pistol, and a glass pipe used to smoke narcotics. A DOL check of Zakee revealed that he was a convicted felon and should not have been in possession of a firearm.

(Dkt. ## 24 at 3, 5-1 at 1.) Plaintiff argues Officer Adams' Certification excludes certain statements in an effort to conceal that Plaintiff was initially chasing car prowlers. (Dkt. ## 24 at 3-4; 35 at 1.) Plaintiff specifically points to the following language in the Certification, arguing it lacks information regarding the car prowlers:

> Shakir pointed a pistol directly at James and Thurman and asked them what they were doing there. James and Thurman feared for their lives and believed that Shakir was going to shoot them; James told Shakir that they were doing nothing, and Thurman retreated behind his vehicle for cover. Shakir then walked off, heading towards the intersection.

(Dkt. ## 24 at 4, 35 at 2, 9) Lastly, Plaintiff argues the following language from a supplemental police report regarding the victims' statements to police proves he was initially chasing car prowlers, and was excluded from the Certification:

> …he and his girlfriend [redacted] were standing outside of their cars, talking, in the old Target parking lot, when they observed an unknown tall, thin black man with a baseball cap, running past them and toward the street. They believed it to be odd that someone was running at this time of the night. Approximately one minute later, they observed another unknow male, later identified as Shakir running in the same direction while holding a black semi-automatic handgun in his right hand. [Redacted] stated that the unknown male abruptly stopped running and turned in the direction of he and his girlfriend. The male then pointed the gun at him and asked "what are you guys doing?" [Redacted] stated that the male then suddenly turned away and began to run into the direction of the male that ran past them approximately one minute prior.

(Dkt. # 35 at 2, 10.)

1  Defendants interpret Plaintiff's claim as a claim for either judicial deception or
2 malicious prosecution. (Dkt. # 30 at 6.) The Court similarly construes Plaintiff's claim
3 and will address each one in turn.

4  *1.    Judicial Deception*

5  To prevail on a judicial deception claim, Plaintiff "must show that the defendant
6 deliberately or recklessly made false statements or omissions that were material to the finding of
7 probable cause." *Ewing v. City of Stockton*, 588 F.3d 1218, 1223 (9th Cir. 2009). "Omissions or
8 misstatements resulting from negligence or good faith mistakes will not invalidate an affidavit
9 which on its face establishes probable cause." *Id.* at 1224. "Nor may a claim of judicial deception
10 be based on an officer's erroneous assumptions about the evidence he has received." *Id.* "If a
11 party makes a substantial showing of deception, the court must determine the materiality of the
12 allegedly false statements or omissions." *Id.* "If the officer omitted facts required to prevent
13 technically true statements in the affidavit from being misleading, the court determines whether
14 the affidavit, once corrected and supplemented, establishes probable cause." *Id.*

15  "In order to establish municipal liability, a plaintiff must show that a 'policy or custom'
16 led to the plaintiff's injury." *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016)
17 (en banc), *cert. denied sub nom. Los Angeles Cty., Cal. v. Castro*, 137 S. Ct. 831 (2017) (quoting
18 *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978)). To establish municipal
19 liability under § 1983, a plaintiff must show: (1) deprivation of a constitutional right; (2) that the
20 municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's
21 constitutional rights; and (4) the policy is the moving force behind the constitutional violation.
22 *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

23

Here, Plaintiff has failed to present any evidence regarding Officer Adams' state of mind, let alone evidence that he deliberately or recklessly made false statements or omissions in his Certification. Plaintiff merely asserts a conclusory allegation that Officer Adams "intentionally disregarded and excluded" statements given by Ms. James and Mr. Thurman in his Certification, specifically that Plaintiff was initially chasing car prowlers. (Dkt. # 24 at 3.) This allegation, without any supporting evidence, is insufficient. Further, Officer Adams' Certificate includes language from Plaintiff's written statement to police, which clearly describes Plaintiff's pursuit of the car prowlers and his mistake with regard to Ms. James and Mr. Thurman's identities.[2]

Similarly, Plaintiff has not presented any evidence to satisfy the materiality requirement. "A defendant challenging an affidavit must also show that the affidavit purged of those falsities and supplemented by the omissions would not be sufficient to support a finding of probable cause." *United States v. Stanert,* 762 F.2d 775, 782 (9th Cir. 1985). Athough the Certification does not contain the victims' statements regarding seeing a male running by them, presumably one of the car prowlers, before encountering Plaintiff, it does contain language regarding the car prowlers, specifically from the summary of Plaintiff's own written statement. Thus, even if Officer Adams had included the victims' statements regarding the car prowlers in the Certification, it would not have rendered the Certification insufficient to find probable cause.

---

[2] The Certificate includes the following language:

> Officer A. Wiggum read Shakir his rights (which he waived). Officer J. Gregson subsequently obtained a written statement from Shakir. Shakir claimed that he observed two males attempting to break into vehicles in the parking lot. When he contacted them, the males began to run away. As the males fled, one of them dropped the gun (that was recovered from Shakir's pocket) and other items. Shakir picked up these items and the gun and chased after the males. Shakir admitted he came upon James and Thurman and initially thought they were the vehicle prowl suspects; Shakir admitted to pointing the pistol at James and Thurman until he realized they were not the suspects he had been chasing.

(Dkt. # 35 at 9.)

REPORT AND RECOMMENDATION - 8

1  Because Plaintiff has failed to present evidence to support the essential elements of a judicial
2  deception claim, his claim fails.
3      The only allegation against the City of Federal Way in Plaintiff's amended complaint is
4  that Officer Adams worked the City of Federal Way. (Dkt. # 24 at 3.) In Plaintiff's opposition to
5  summary judgment, he argues that Lieutenant ("Lt.") T. Robinson assigned Plaintiff's criminal
6  case to Officer Adams, failed to adequately train Officer Adams to be "loyal to being honest in
7  the line of government profession," and failed to adequately supervise Officer Adams. (Dkt. # 35
8  at 5.) These assertions alone, without any supporting evidence, are inadequate to establish that
9  the City of Federal Way had a custom or policy that permits deliberate indifference to, or
10 violates, Plaintiff's constitutional rights. *See Castro*, 833 F.3d at 1073. As Plaintiff has presented
11 no evidence to establish municipality liability, his claim against the City of Federal Way fails.

                                *2.    Malicious Prosecution*

13     Malicious prosecution, by itself, does not constitute a due process violation; to prevail on
14 a claim of malicious prosecution, a plaintiff must show that the defendants prosecuted him with
15 malice and without probable cause, and that they did so for the purpose of denying him equal
16 protection or another specific constitutional right. *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir.
17 1985) (en banc); *Cline v. Brusett*, 661 F.2d 108, 112 (9th Cir. 1981). "Probable cause exists
18 when the facts and circumstances within the officer's knowledge are sufficient to cause a
19 reasonably prudent person to believe that a crime has been committed." *Lassiter v. City of*
20 *Bremerton*, 556 F.3d 1049, 1053 (9th Cir. 2009) (citing *Ybarra v. Illinois*, 444 U.S. 85, 91
21 (1979)).
22     Plaintiff does not allege that Officer Adams prosecuted him with malice for the purpose
23 of denying him a constitutional right. As discussed above, Plaintiff has not presented any

evidence regarding Officer Adams' state of mind. Plaintiff appears to argue that had the omitted language been included, he would not have been arrested, charged, incarcerated, and given a high bail. However, the Certification did contain information regarding the car prowlers, regardless of Officer Adams' alleged omission, and Plaintiff does not dispute that he pointed a firearm at Ms. James and Mr. Thurman. Plaintiff's mistake in thinking Ms. James and Mr. Thurman were the car prowlers does not render the information contained in the Certification insufficient to demonstrate probable cause. Plaintiff also fails to present evidence regarding any custom or policy by the City of Federal Way that proximately caused a violation of Plaintiff's constitutional rights, or that its employees or agents acted through a custom or policy to maliciously prosecute Plaintiff. Plaintiff's claim of malicious prosecution therefore fails.

## V.     CONCLUSION

For the forgoing reasons, this Court recommends that the Defendants' motion for summary judgment (dkt. # 30) be GRANTED, and this action be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **twenty-one (21)** days after the filing of this Report and Recommendation. Objections, and any response, shall not exceed three pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on the date that objections were due.

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

Dated this 12th day of April, 2019.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11