UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZAKEE SHAKIR,

    Plaintiff,

v.

RICHARD ADAMS, *et al.*,

    Defendants.

Case No. C18-1333 RSL

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

This matter comes before the Court on plaintiff's "Motion to Alter or Amend Judgment". Dkt. #53. On June 18, 2019, judgment was entered in the above-captioned matter against plaintiff and in favor of defendants. Dkt. #51. Plaintiff filed a timely motion to amend judgment under Fed. R. Civ. P. 59(e) asserting that the Court erred by (1) failing to construe plaintiff's pro se pleadings liberally and (2) finding that abstention was appropriate due to a parallel, pending state criminal proceedings against the plaintiff. Dkt. #53.

Reconsideration under Rule 59 is available if the moving party presents (1) newly discovered evidence or new law, (2) shows that the prior ruling is manifestly unjust, or (3) establishes that the Court clearly erred. *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d

ORDER DENYING PLAINTIFF'S MOTION TO
ALTER OR AMEND JUDGMENT - 1

1255, 1263 (9th Cir. 1993). With respect to plaintiff's first argument, plaintiff argues that the Court failed to hold his complaint to less stringent standards by not advising him that if he failed to comply with defendants' discovery requests discovery would be stayed and plaintiff would not have the opportunity to collect discovery sufficient to overcome defendants' motion for summary judgment. Dkt. #53. Plaintiff correctly points out that, "where the petitioner is pro se, particularly in civil rights cases, [the Court must] construe the pleadings liberally and [] afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc)). Nonetheless, no construction of plaintiff's pleadings, liberal or otherwise, suggests any facts that negate the applicability of the *Younger* abstention doctrine. Plaintiff's current motion states that there remains at least one charge pending against him in an "on-going state action." Dkt. #53. Plaintiff has the burden to establish new facts that contravene *Younger*'s applicability in this case, and he has not met that burden.

For all of the foregoing reasons, reconsideration is not appropriate, and plaintiff's motion to alter or amend the judgment is DENIED.

Dated this 22nd day of July, 2019.

ROBERT S. LASNIK
United States District Judge